Kevin D. Siegel (SBN 194787)
E-mail:  ksiegel@bwslaw.com
Matthew D. Visick (SBN 258106)
E-mail:  mvisick@bwslaw.com
Nicholas J. Muscolino (SBN 273900)
E-mail:  nmuscolino@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA  94612-3501
Tel:  510.273.8780    Fax:  510.839.9104

Molly S. Stump (SBN 177165)
City Attorney
E-mail:  molly.stump@cityofpaloalto.org
Terence Howzell (SBN 140822)
Principal Attorney
E-mail:  terence.howzell@cityofpaloalto.org
CITY OF PALO ALTO
250 Hamilton Avenue
Palo Alto, CA 94301
Tel:  650.329.2171    Fax: 650.329.2646

Attorneys for Defendant
CITY OF PALO ALTO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOUFIC AND EVA JISSER, AND THE TOUFIC AND EVA JISSER REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PALO ALTO,<br><br>Defendant. | Case No.  5:15-CV-05295 EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT CITY OF PALO ALTO'S NOTICE OF RULE 12(b)(1) AND 12(b)(6)MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**<br><br>Date:        May 26, 2016<br>Time:       9:00 a.m.<br>Courtroom: No. 4<br>Judge:      Hon. Edward J. Davila |

## DOCUMENTS SUBJECT TO REQUEST FOR JUDICIAL NOTICE

Pursuant to rule 201 of the Federal Rules of Evidence, Defendant City of Palo Alto (the "City") requests this Court to take judicial notice of the following (in connection with the City's motion to dismiss the Complaint filed November 19, 2015, by Plaintiffs Toufic and Eva Jisser, and the Toufic and Eva Jisser Revocable Trust ("Plaintiffs")):

A. City of Palo Alto Ordinance No. 4696 (Ordinance of the Council of the City of Palo Alto Amending Title 9 of the Palo Alto Municipal Code to Add Chapter 9.76 Relating to Mobilehome Park Conversion), adopted in May 14, 2001, a true and correct copy of which is attached hereto as **Exhibit A**.

B. Chapter 9.76 of the Palo Alto Municipal Code ("PAMC"), a true and correct copy of which is attached hereto as **Exhibit B**. PAMC Chapter 9.76 can also be found at the following Internet address:

http://library.amlegal.com/nxt/gateway.dll/California/paloalto_ca/paloaltomunicipalcode?f=templates$fn=default.htm$3.0$vid=amlegal:paloalto_ca.

C. The Verified Petition for Writ of Mandate and Complaint for Injunctive and Declaratory Relief, filed on or about August 24, 2015, in Santa Clara County Superior Court (Case No. 115CV284763) against the City of Palo Alto by the Buena Vista MHP Residents Association, a true and correct copy of which is attached hereto as **Exhibit C**.

D. A letter, dated August 31, 2015, from Margaret Nanda, Plaintiffs' counsel, to the Mayor, City Manager, and City Attorney for the City of Palo Alto—which letter includes the Certificate of Acceptance of the City Council's May 26, 2015 decision on Plaintiffs' Mobilehome Park Conversion Application and copy of the City Council's decision attached thereto—a true and correct copy of which is attached hereto as **Exhibit D**.

E. A letter dated, December 14, 2015, from Margaret Nanda, Plaintiffs' counsel, to Kevin Siegel, the City's outside counsel in this litigation, on which Plaintiff Joe Jisser was copied—which letter the City submits solely for the judicially noticeable fact that Ms. Nanda is

counsel to Plaintiffs and is representing them in the state court action filed by the Buena Vista MHP Residents Association, Santa Clara Superior Court Case No. 115CV284763—a true and correct copy of which is attached hereto as **Exhibit E**.

    F.    California Statues of 1990, Chapter 42 (AB No. 1209), amending section 798.56 of the California Civil Code, a true and correct copy of which is attached hereto as **Exhibit F**.

    G.    California Statutes of 1990, Chapter 1572 (AB No. 3228), amending section 65863.7 of the California Government Code, a true and correct copy of which is attached hereto as **Exhibit G.**

    H.    The following mobilehome park conversion ordinances for other local agencies within the State of California, which include requirements to provide relocation assistance upon the conversion (including closure) of a mobilehome park as indicated:

    1.    The City of San Jose's mobile home park conversion ordinance, which may be found at the following Internet address: https://www.municode.com/library/ca/san_jose/codes/code_of_ordinances?nodeId=TIT20ZO_CH20.180MOPACOREOWANOTUS. *See* San Jose Municipal Code § 20.180.600 et seq.

    2.    The City of Milpitas' mobile home park conversion ordinance, which may be found at the following Internet address: https://www.municode.com/library/ca/milpitas/codes/code_of_ordinances?nodeId=TITXIZOPLAN_CH20COMOHOPAOTUS. *See* City of Milpitas Municipal Code, Title XI, Chapter 20, including §§ 5, 8 and 9.

    3.    The City of Sunnyvale's mobile home park conversion ordinance, which may be found at the following Internet address: http://qcode.us/codes/sunnyvale/. *See* City of Sunnyvale Municipal Code Chapter 19.72, including section 19.72.080.

    4.    The City of Pacifica's mobile home park conversion ordinance, which may be found at the following Internet address: https://www.municode.com/library/ca/pacifica/codes/code_of_ordinances?nodeId=TIT9PLZO_CH1MOHOPA. *See* Pacifica Municipal Code, Chapter 1 of Title 9, including § 9-1.106.

    5.    The City of Huntington Beach's mobile home park conversion ordinance, which

1  may be found at the following Internet address: http://www.qcode.us/codes/huntingtonbeach.
2  *See* Huntington Beach Zoning Code Chapter 234, including § 234.08.

3        6.  The City of Seal Beach's mobile home park conversion ordinance, which may be
4  found at the following Internet address: http://www.qcode.us/codes/sealbeach/.  *See* Seal
5  Beach Municipal Code Chapter 12.05, including § 12.05.040.

6        7.  The City of Chula Vista's mobile home park conversion ordinance, which may be
7  found at the following Internet address:
8  http://www.codepublishing.com/CA/ChulaVista/#!/chulavista09/ChulaVista0940.html#9.40.
9  Chula Vista Municipal Code Chapter 9.40, including § 9.40.030.

10       8.  The City of Grover Beach's mobile home park conversion ordinance, which may
11 be found at the following Internet address: http://www.grover.org/index.aspx?NID=309.  See
12 City of Grover Beach Municipal Code Chapter 3.40, including § 3.40.080.

13

## SUMMARY OF AUTHORITIES SUPPORTING REQUEST

15     The City's request for judicial notice is supported by law, including the following
16 authorities.

17     A court may take judicial notice of facts that are (1) generally known within the territorial
18 jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to
19 sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *Lee v. City of
20 Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001).  A court must take judicial notice if requested
21 by a party and supplied with the necessary information.  Fed. R. Evid. 201(d).

22     Frist, local agency ordinances and state statutes are judicially noticeable.  *First English
23 Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 327, n.6 (1987) ("It is
24 proper to take judicial notice of the ordinance"); *Rocky Mountain Farmers Union v. Goldstene*,
25 719 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010) (judicial notice taken of statutes).  Pursuant to this
26 authority, the Court may take judicial notice of the documents identified in paragraphs (and/or
27 exhibits) A, B, F, G and H.

28     Second, court files in another action are also judicially noticeable.  *Intri-Plex Techs., Inc.*

*v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1388, n.9 (9th Cir. 1987) (pleadings, orders, and other papers in court file are subject to judicial notice).  Pursuant to this authority, the Court may take judicial notice of the document identified in paragraph (and/or exhibit) C.

Third, a court may take judicial notice of documents not mentioned in the complaint but upon which the plaintiff effectively relies. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), as amended (July 28, 1998) ("Although we have yet to apply this rule to documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint, such an extension is supported by the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").  For example, in *Parrino*, judicial notice was proper of a health care application.  *Id.*; see also *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F.Supp. 3d 1341, 1351-52 (W.D. Wash. 2014) (granting defendant's request for judicial notice of plaintiff's trademark documents, the contents of which the court could examine without converting the motion to dismiss into a motion for summary judgment).

Judicial notice of such documents is particularly warranted when the plaintiff had notice of their existence. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).  Here, Palo Alto Municipal Code section 9.76.050 provides: "The city's approval of a conversion application shall not be valid and effective until the park owner has filed a certificate of acceptance of the conditions of approval with the city."  See Exh. B attached hereto.  A plaintiff alleging an as-applied inverse condemnation claim may only file a ripe action if the plaintiff has obtained a final administrative decision (among other requirements).  *See, e.g., Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 191, 194-95 (1985), among other cases discussed in City's motion.  But Plaintiffs' Complaint neglects to mention that the City Council's May 26, 2015 conditional approval of their conversion application became final upon this acceptance.  Accordingly, Plaintiffs' acceptance of this City's decision (Exh. D attached hereto) may be judicially noticed.

Further, the Court may take judicial notice of public records, including records submitted

by a party to a public agency, as long as the facts noticed are not "subject to reasonable dispute." *Intri-Plex Techs*, 499 F.3d at 1052 (citation and internal quotation marks omitted); *see also Roy v. County of Los Angeles*, ___ F. Supp.3d ___, 2015 WL 4275391 at *4 (C.D. Cal. July 9, 2015) (judicial notice taken of administrative claims for damages filed with the county pursuant to California's Government Claims Act); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278-79 (11th Cir. 1999) (judicial notice taken of documents filed with the Securities and Exchange Commission, for the purposes of a Rule 12(b)(6) motion, including because the plaintiffs were aware of the existence of the documents); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (same).

Pursuant to this authority, the Court may take judicial notice of the documents identified in paragraphs (and/or exhibits) D and E.

**CONCLUSION**

For the foregoing reasons, the City requests the Court to take judicial notice of the documents identified above.

Dated: December 22, 2015                     BURKE, WILLIAMS & SORENSEN, LLP

                                             By: /s/ Kevin D. Siegel
                                                 Kevin D. Siegel
                                                 Attorneys for Defendant City of Palo Alto