UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOUFIC JISSER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PALO ALTO, <br><br> Defendant. | Case No.  5:15-cv-05295-EJD <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 20 |

Plaintiffs Toufic and Eva Jisser and the Toufic and Eva Jisser Revocable Trust (collectively "Plaintiffs") bring this action seeking declaratory and injunctive relief against the City of Palo Alto ("City").  Plaintiffs allege that the City's Mobilehome Park Conversion Ordinance ("the Ordinance") is unconstitutional as applied to them.  Specifically, Plaintiffs contend that the Ordinance (1) imposes an unconstitutional condition on the their property rights; (2) violates the Public Use Clause of the Fifth Amendment; and (3) violates California's Mobilehome Residency Law.  Pl. Opp. to Def. Mot. to Dismiss ("Opp.") at 1, Docket Item No. 26.

Presently before the Court is the City's Motion to Dismiss under rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Def. Mot. to Dismiss ("Mot"), Dkt. No. 20.  After carefully considering the parties' pleadings, the Court finds that Plaintiffs claims are not ripe for adjudication.  Accordingly, the City's motion to dismiss is GRANTED.

**I.   BACKGROUND**

**A.   Regulatory Overview**

**i.   California's Mobilehome Residency Law**

California's Mobilehome Residency Law limits the circumstances under which a mobilehome park owner may terminate tenancies.  See Cal. Civ. Code § 798.56.  If a park owner

1

Case No.: 5:15-cv-05295-EJD
ORDER GRANTING MOTION TO DISMISS

seeks to close or convert the property for another use, he or she must meet certain conditions set forth under the Residency Law, including submitting a report that addresses the impact of the proposed closure on the displaced residents. Cal. Gov't Code § 65863.7. A local legislative body, or its delegated agency, may also require the park owner "to take steps to mitigate any adverse impact of the conversion" on the displaced residents. § 65863.7(e). Any mitigating steps imposed by the local entity "shall not exceed the reasonable costs of relocation." Id.

### ii. Palo Alto's Mobilehome Park Conversion Ordinance

The City of Palo Alto adopted its Mobilehome Park Conversion Ordinance in 2001, codified at Chapter 9.76 of the Palo Alto Municipal Code ("PAMC").[1] In accordance with California's Mobilehome Residency Law, the Ordinance sets forth the procedures through which a mobilehome park owner may seek approval to close the park. Specifically, the Ordinance requires a park owner to submit an application to convert the park, supported by a "Relocation Impact Report." PAMC § 9.76.030. The Impact Report must include, *inter alia*, a proposal of measures to be taken by the park owner to mitigate adverse impacts of the park closure on residents. Id. Once the required application documents are submitted, the City holds a hearing to determine whether the proposed measures are sufficient. PAMC 9.76.040(g). "The hearing officer shall approve the application on the condition that the mitigation measures proposed by the park owner are adequate to mitigate the adverse impacts on the displaced residents and may condition the approval on additional conditions," as set forth in the Ordinance, provided that the conditions do not exceed the reasonable costs of relocation. PAMC § 9.76.040(g).

If the City approves the closure of the park, the property owner is then required to return a "Certificate of Acceptance" form, finalizing the City's decision. PAMC 9.76.050. Alternatively, if the property owner is dissatisfied with the City's decision or otherwise disputes the outcome of the hearing, he or she may appeal the ruling to the city council. PAMC § 9.76.060. ("Any aggrieved person may appeal the hearing officer's decision to the city council" pursuant to

---

[1] Pursuant to Federal Rules of Evidence 201, the City's Request for Judicial Notice ("RJN") is GRANTED to the extent referenced in this Order. Dkt. Nos. 25-1, 25-2.

procedures set forth in the PAMC).

**B.     The Buena Vista Mobilehome Park and the Jisser Family**

The Buena Vista Mobilehome Park ("Buena Vista") has been in operation since the 1950s and is presently the only mobilehome park in the City of Palo Alto. Compl. ¶¶ 20, 21. The Jisser Family has owned Buena Vista since 1986. Compl. ¶ 9. In November 2012, Plaintiffs applied to close Buena Vista, and submitted five Relocation Impact Reports between May 2013 and February 2014 pursuant to the Ordinance. Compl. ¶¶ 45, 46. The City accepted Plaintiffs' final Impact Report on February 20, 2014. Compl. ¶ 47.

The City then held hearings on Plaintiffs' application in May 2014 and issued a decision provisionally approving the closure of Buena Vista on September 30, 2014. Compl. ¶¶ 49-50. The decision conditioned the closure on the Jissers' paying "enhanced relocation assistance benefits," which include: (a) the purchase of each mobilehome in the park for an amount equal to 100% of the on-site value of the mobilehome; (b) rent subsidies and start-up costs in the form of a lump sum payment equal to 100% of the difference between average rents for apartments in Palo Alto and surrounding cities and the average rents for spaces in Buena Vista, for a period of 12 months; and (c) reasonable moving costs, including first and last months' rent plus a security deposit. Compl. ¶ 50. Plaintiffs estimate that compliance with these conditions will cost approximately $8 million. Compl. ¶ 54.

Plaintiffs did not file an administrative appeal of the City's decision with the city council. See Opp. at 8-11; Mot. at 7; Compl. ¶¶ 51-53. However, the Buena Vista residents did, arguing that the compensation provided for by the decision was insufficient to mitigate the impact of the displacement. Compl. ¶ 51. The city council denied the residents' administrative appeal and issued a final decision approving the closure of Buena Vista pursuant to aforementioned conditions on May 26, 2015. Compl. ¶¶ 51, 53. The Jissers then filed a duly-executed "Certificate of Acceptance" of the City's decision on August 31, 2015. Opp. at 4; Def. RJN, Exh. D; Dkt. No. 25-4.

Following the denial of their administrative appeal, the Buena Vista Residents Association

1   filed a complaint in state court to invalidate the City's approval of the park closure. Def. RJN,
2   Exh. C. In contrast, Plaintiffs did not seek any form of judicial relief from the City's decision in
3   state court. See Opp. at 8-11; Mot. at 7; Compl. ¶¶ 51-53.
4       Rather, Plaintiffs filed the instant action in federal court, alleging that the conditions
5   imposed by the City's decision - namely, the required payment of enhanced relocation assistance
6   benefits - violates the Takings Clause of the Fifth Amendment. Compl. ¶¶ 65, 70-100. Plaintiffs'
7   alleged that the City applied its tenant relocation ordinance to Buena Vista in a manner that causes
8   a taking. Compl. ¶¶ 3-5. However, Plaintiffs do not seek compensation for the taking, but instead
9   ask this court to invalidate the City's decision approving the closure. Compl. ¶¶ 87, 89, 105.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

The burden of establishing ripeness and standing rests on the party asserting the claim. Renne v. Geary, 501 U.S. 312, 316 (1991). A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir.1979).

### B.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). Although particular detail is not generally necessary, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to

state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal of a claim under Rule 12(b)(6) may be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988); see Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). In the event that a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).

### III.    DISCUSSION

The City moves to dismiss this action on the grounds that Plaintiffs' purported as-applied claims actually assert a facial challenge to the Palo Alto Ordinance, which it contends is time barred.[2] Mot. at 9. However, the City also maintains that even if the claims are construed as "as-applied" claims, Plaintiffs' first and second causes of action fail because Plaintiffs neglected to first seek any of the numerous state remedies available to them, rendering their claims unripe and depriving them of the opportunity to seek relief in this Court. Mot. at 13-14.

---

[2] A facial takings claim accrues when the challenged legislation is adopted. See Guggenheim v. City of Goleta, 638 F.3d 1111, 1119 (9th Cir. 2010). Here, the Ordinance was adopted by the City in 2001. Compl. ¶ 10. Because Plaintiffs owned Buena Vista in 2001, that is when they became subject to the Ordinance and therefore when any potential facial claim accrued. See Compl. ¶¶ 9-10. Plaintiffs filed this suit on November 19, 2015. Accordingly, the Court agrees that a facial challenge would be time barred pursuant to the statute of limitations. See Canatella v. Van De Kamp, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (citing Cal. Code Civ. Proc. § 335.1). In any event, Plaintiffs' pleadings, as well as their representations at the hearing held on May 26, 2016, maintain that they only assert as-applied claims.

5
Case No.: 5:15-cv-05295-EJD
ORDER GRANTING MOTION TO DISMISS

Because ripeness is a dispositive issue, it must be addressed first. See <u>Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura</u>, 371 F.3d 1046, 1051-52 (9th Cir. 2004) ("In determining whether takings claims are properly before the court, we first determine whether the claim is ripe and then determine whether the claim is barred by a statute of limitations."). Accordingly, as an initial matter, the Court will assume without deciding that Plaintiffs' takings claims present an as-applied challenge to the City's Ordinance.

### A. Plaintiffs' As-Applied Takings Claims Are Not Ripe

In <u>Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City</u>, the Supreme Court outlined a two-step inquiry to determine whether a takings claim is ripe for adjudication in federal court. 473 U.S. 172, 194-195 (1985). Under <u>Williamson</u>, a claim is not ripe until (1) the government entity charged with implementing the challenged regulation reaches a final decision on the regulation's application to the property at issue (the "finality" requirement); and (2) the property owner seeks compensation through the available state procedures, unless they can show that doing so would be futile (the "exhaustion" requirement). Id.

The City argues that Plaintiffs' Fifth Amendment takings claims are barred under the <u>Williamson</u> exhaustion requirement because Plaintiffs failed to seek relief through readily available state procedures.[3] Mot. at 14-15. Specifically, the City suggests that Plaintiffs had a number of potential remedies available to them, including seeking a petition for a writ of mandate, filing a complaint for declaratory or injunctive relief, or bringing an inverse condemnation claim in state court. See Mot. at 7. In response, Plaintiffs argue that (1) the <u>Williamson</u> doctrine does not apply in money takings cases; and (2) exhaustion is only required in taking cases that seek "just compensation." Opp. at 10-11. Plaintiffs' position is legally unpersuasive.

---

[3] The City also raises some dispute as to whether the first prong of the <u>Williamson</u> ripeness inquiry - the finality requirement - was satisfied in this case. See Mot. at 18. However, the City issued a final decision approving Plaintiffs' conversion application, which contained express conditions regarding how the Ordinance was to be applied to the Buena Vista property. See Compl. ¶¶49-54. Moreover, as the City points out, following the approval Plaintiffs were free to seek administrative or state judicial review of the decision, suggesting at least some degree of finality. See Mot. at 7. Accordingly, the Court is satisfied that the finality requirement was met here and will focus the remainder of the ripeness discussion on the issue of exhaustion.

6
Case No.: 5:15-cv-05295-EJD
ORDER GRANTING MOTION TO DISMISS

First, the suggestion that Williamson is inapplicable in a money takings case misunderstands the underlying purpose of the ripeness inquiry. Exhaustion in a takings case is premised on the notion that a state must be afforded the opportunity to address the harm allegedly caused by the state action before a federal court can determine if an unconstitutional taking has occurred. See Sinclair Oil Corp. v. Cty. of Santa Barbara, 96 F.3d 401, 409 (9th Cir. 1996). This justification holds true regardless of whether the action burdens real property or imposes a condition requiring the transfer of money. If state procedures offer a potential remedy to landowners - either by paying just compensation for the taking or by modifying the burdensome condition - the state remedy must be pursued before a federal claim is ripe.

Plaintiffs' second argument is equally unconvincing. The fact that Plaintiffs do not seek monetary compensation does not mean that they are exempt from the Williamson requirements. In support of this argument, Plaintiffs rely on cases that address facial takings claims, despite purportedly alleging only as-applied takings claims. Levin v. City & County of San Francisco, 71 F. Supp. 3d 1072, 1074 (N.D. Cal. 2014) (asserting a facial challenge to a San Francisco rent control ordinance); San Remo Hotel v. City & Cty. of San Francisco, 145 F.3d 1095, 1102 (9th Cir. 1998) (bringing both facial and as-applied challenges to the constitutionality of an amendment to a hotel conversion ordinance); Eastern Enterprises v. Apfel, 524 U.S. 498, 521 (1998) (seeking a declaratory judgment that the Coal Act was unconstitutional on its face). The rationale for excepting facial challenges from the Williamson exhaustion requirement cannot be co-opted, as Plaintiffs suggest, to support the same exception for as-applied challenges just because compensation is not the requested remedy.

For example, in Levin, the district court explained that "facial takings claims were instantly ripe 'by their nature' because they 'requested relief distinct from the provision of just compensation.'" 71 F. Supp. 3d at 1079 (quoting San Remo Hotel, L.P. v. City & Cnty. of S.F., 545 U.S. 323, 345–46 (2005)). But unlike facial claims, as-applied claims, by definition, challenge the specific application of an ordinance, allowing for the possibility that the ordinance could be constitutional under different circumstances. It follows that an as-applied claim is

therefore not "instantly ripe" at the time the ordinance is enacted, but rather may become ripe if the state denies the property owner relief to which he or she is entitled. In essence, "it is the scope of the constitutional challenge," not the remedy sought, that is relevant for exhaustion purposes. Cedar Point Nursery v. Gould, No. 116-cv-00185-LJOBAM, 2016 WL 1559271, at *3 (E.D. Cal. Apr. 18, 2016) (rejecting a similar contention that Williamson only applies to claims for "just compensation," calling that argument "a red herring.").

Accordingly, although exceptions to Williamson may be justified in the context of a facial takings challenge, the same cannot be said for as-applied claims. See Guggenheim, 638 F.3d at 1117 (explaining that "as-applied challenges always require Williamson exhaustion," while facial challenges "sometimes" do and sometimes do not); Sinclair Oil, 96 F.3d at 405 (same); Hacienda Valley Mobile Estates v. City of Morgan Hill, 353 F.3d 651, 655 (9th Cir. 2003) (holding that as-applied challenges must meet both prongs of the Williamson ripeness analysis). Here, Plaintiffs allege only as-applied claims. Therefore, they are subject to both the finality and exhaustion requirement. Failure to exhaust an as-applied takings challenge in state court is grounds for dismissal in federal court. Ventura Mobilehome Communities, 371 F.3d at 1052 (affirming that because the only cognizable claim asserted was an as-applied challenge, the claim was properly dismissed as unripe). It is undisputed that Plaintiffs did not pursue any remedy through the state procedures. Accordingly, the Court finds that Plaintiffs' first and second causes of action are not ripe for adjudication.

**B.  Prudential Considerations Do Not Warrant Exception to the Ripeness Requirement**

Plaintiffs also argue that even if the Court finds that exhaustion is required under Williamson, the Court should "use its prudential discretion to decline to apply the rule in this case." Opp. at 10-11. The Ninth Circuit instructs that the Williamson ripeness requirement is "prudential rather than jurisdictional." Guggenheim, 638 F.3d at 1118. However, in Guggenheim, the Ninth Circuit's decision to exercise this prudential discretion over an otherwise unripe claim was based on case specific concerns of practicality and efficiency. Namely, because the court

rejected the plaintiff's claims on the merits, it reasoned that enforcing the exhaustion requirement "would be a waste of the parties' and the courts' resources." Id.  No such considerations are present here.  Consequently, the Court will not exercise its discretion to waive the exhaustion requirement.

## IV.   ORDER

Finding Plaintiffs' claims unripe for adjudication, the Court hereby GRANTS the City's Motion to Dismiss as to the first and second cause of action.

Having granted the City's motion to dismiss Plaintiffs' two federal question claims, the Court declines to exercise its supplemental jurisdiction over the third cause of action alleging violation of California's Mobilehome Residency Law.  See 28 U.S.C. §1367(c)(3); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (citation omitted) (concluding that where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine … will point toward declining to exercise jurisdiction over the remaining state-law claims." ).  Accordingly, the third cause of action is also dismissed.

An unripe claim cannot become ripe if the statute of limitations for the state court action has expired.  See Daniel v. Cty. of Santa Barbara, 288 F.3d 375, 379, 182 (9th Cir. 2002) (holding that an unconstitutional exaction claim seeking injunctive relief was barred by the plaintiff's failure to file a timely state court action).  Here, Plaintiffs did not pursue any action through the available state procedures within the 90-day limitations period.  PAMC § 9.76.140.  Because there is no means by which Plaintiffs claims can become ripe, the Court finds that further amendment to the pleadings "could not possibly cure the deficiency."  See DeSoto, 957 F.2d at 658.

The City's Motion is therefore granted WITHOUT LEAVE TO AMEND.  Judgment will be entered in favor of the City and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: June 24, 2016

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-05295-EJD
ORDER GRANTING MOTION TO DISMISS